UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cv-1476-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE: |
| v. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT (DOC. 19) |
| Approximately $8,024.00 in U.S. Currency, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

I. Background

In the complaint filed on September 29, 2008, it is alleged that this Court has jurisdiction over this action to forfeit currency pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate other controlled substance violations. (Cmplt. p. 1.)

1

Plaintiff filed an ex parte application for default judgment and memorandum of points and authorities on March 3, 2009. (Doc. 19). By separate order the Court has vacated the hearing on the motion and has deemed the motion submitted for decision. Plaintiff was given leave to file supplemental materials and briefing by June 19, 2009, pursuant to the Court's briefing order of June 11, 2009; Plaintiff filed a supplement on June 19, 2009.

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman</u>

Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply.

III. Notice

The provisions of Rule G(4) with respect to notice are as follows:

> (4) Notice.
>
> (a) Notice by Publication.
>
> (i) When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:
>   (A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
>   (B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.
>
> (ii) Content of the Notice. Unless the court orders otherwise, the notice must:
>   (A) describe the property with reasonable particularity;
>   (B) state the times under Rule G(5) to file a claim and to answer; and

    (C) name the government attorney to be served with the claim and answer.

(iii) Frequency of Publication. Published notice must appear:
    (A) once a week for three consecutive weeks; or
    (B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).

(iv) Means of Publication. The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:
    (A) if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;
    (B) if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally circulated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or
    (C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

(b) Notice to Known Potential Claimants.

(i) Direct Notice Required. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

(ii) Content of the Notice. The notice must state:
    (A) the date when the notice is sent;
    (B) a deadline for filing a claim, at least 35 days after the notice is sent;
    (C) that an answer or a motion under Rule 12 must be filed no later than 20 days after filing the claim; and
    (D) the name of the government attorney to be served with the claim and answer.

(iii) Sending Notice.
    (A) The notice must be sent by means reasonably calculated to reach the potential claimant.

4

```
            (B) Notice may be sent to the potential claimant
        or to the attorney representing the potential claimant
        with respect to the seizure of the property or
        in a related investigation, administrative forfeiture
        proceeding, or criminal case.
            (C) Notice sent to a potential claimant who is
        incarcerated must be sent to the place of incarceration.
            (D) Notice to a person arrested in connection with
        an offense giving rise to the forfeiture who is not
        incarcerated when notice is sent may be sent to
        the address that person last gave to the agency
        that arrested or released the person.
            (E) Notice to a person from whom the property
        was seized who is not incarcerated when notice is sent
        may be sent to the last address that person gave to
        the agency that seized the property.

        (iv) When Notice Is Sent. Notice by the following means
        is sent on the date when it is placed in the mail,
        delivered to a commercial carrier, or sent by
        electronic mail.
        (v) Actual Notice. A potential claimant who had
        actual notice of a forfeiture action may not oppose
        or seek relief from forfeiture because of the government's
        failure to send the required notice.
```

Supp. R. G(4).

In addition, Local Rule A-540(a) requires that a party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given by publication pursuant to Local Rule A-530, and by personal service on the person having custody of the property or on the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Here, pursuant to a warrant of arrest, the Defendant

5

currencies were arrested on or about October 21, 2008. (Docs. 3, 6-7.)

The government first attempted to prove the required publication in the form of posting the notice of civil forfeiture on the official government internet site (www.forfeiture.gov) for thirty days beginning October 9, 2008, and continuing for at least eighteen hours per day until November 7, 2008, by a declaration of Autumn Magee made on information and belief. (Doc. 8.) In connection with an application for the entry of default, Magee also declared under penalty of perjury that there was publication for at least thirty consecutive days as required by Rule G(4), but the purported jurat of the proof was that she declared under penalty of perjury that the foregoing was true and correct "to the best of my knowledge." (Doc. 11-2, ¶ 8.)

These purported proofs are legally insufficient because Local Rule 5-135(c) requires proofs of service to be under penalty of perjury. Further, 28 U.S.C. § 1746 sets forth the formal requirements for declarations, and it is established that although a lack of swearing is not a fatal defect, the declaration must be made under penalty of perjury and must be attested to be true. Cobell v. Norton, 310 F.Supp.2d 77, 84 (D.D.C. 2004) (statement of truth based on "knowledge, information, and belief" insufficient); Kersting v. United States, 865 F.Supp. 669, 776-77 (D. Hawaii 1994) (necessary elements are that the unsworn declaration contains the phrase "under penalty of perjury" and states that the document is true).

Plaintiff submitted an amended declaration of publication on May 7, 2009, in which Plaintiff submitted documents establishing

6

publication in the form of posting the notice of civil forfeiture on the official government internet site (www.forfeiture.gov) for thirty days beginning October 9, 2008, and continuing for at least eighteen hours per day until November 7, 2008. (Doc. 23.) The amended declaration of publication of Autumn Magee reflects that Magee caused a notice of forfeiture, a copy of which is attached to the declaration as Attachment 1, to be published on the official government internet site. The notice of forfeiture contains the information required by Supp. Rule G(4). Magee further declared that she printed Attachment 2, an Advertisement Certification Report, from the Department of Justice Consolidated Asset Tracking System (CATS), a database designed to track, throughout the forfeiture life-cycle, assets seized by federal law enforcement agencies. The report itself states that the notice of publication was available on the web site for at least eighteen hours per day between October 9, 2008, and November 7, 2008. It refers to a summary report in chart form that follows as identifying the "uptime" for each day within the publication period and reporting the results of the web monitoring system's daily check that verifies that the advertisement was available each day. (Id.)

    Fed. R. Evid. 902(5) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to books, pamphlets, or other publications purporting to be issued by public authority. Records from government web sites are self-authenticating under this provision. Hispanic Broadcasting Corp. v. Educational Media, 2003 WL 22867633, *5 n. 5 (C.D.Cal. 2003); Paralyzed Veterans of

America v. McPherson, 2008 WL 4183981, *7 (N.D.Cal. 2008).

Rodriguez's statement that she caused the notice to be published on the website shows the source of the notification data, relates it to the official website, and warrants a conclusion that there was publication of the notice on the web site.

The Court is given no information concerning the operation of the tracking system or of the precise method of the preparation of the advertisement certification report. Because it is not known how the data in the report of publication were collected, it is not possible to know whether or not it involves any statement by a "person," as is required by Fed. R. Evid. 801(c) and (a), and thus presents any hearsay issues.

However, even if it is assumed that there is hearsay, Fed. R. Evid. 803(8) provides that various statements are not excluded by the hearsay rule, including the following:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth
> A) the activities of the office or agency, or
> B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or
> C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The advisory committee note to the 1972 proposed rules indicates that the justification for the exception is the assumption that a public official will perform his or her duty properly and the unlikelihood that he or she will remember details independently

8

of the record; further, records of regularly conducted activities are generally reliable.

The United States Post Office's delivery confirmation printout from a computer is admissible under Fed. R. Evid. 803(8)(A) as a record of the activity (mail delivery) of the public agency. <u>Chapman v. San Francisco Newspaper Agency</u>, 2002 WL 31119944 (N.D.Cal. 2002). Even though the Court has received minimal information concerning the statutory context in which the forfeiture web site operates and the nature and extent of its operations, the Court considers the amended declaration to be sufficient to warrant application of Rule 803(8)(A). The declaration identifies the public agency involved and its general activity. Considering all the facts and circumstances, the Court concludes that Plaintiff has submitted information sufficient to warrant a trier of fact in concluding that the report is from a public agency regarding the agency's activities.

Once a judge finds sufficient evidence of authenticity and admits the documentary evidence, the trier of fact makes its own determination of 1) the authenticity of the admitted evidence (and is thus free to disbelieve the proponent's evidence of authenticity despite the Court's preliminary determination), and 2) the weight to which it feels the evidence should be given. <u>Alexander Dawson, Inc. v. N.L.R.B.</u>, 586 F.2d 1300, 1302 (9th Cir. 1978).

Here, the Court has very limited information concerning the web site, and it has no information about the operation of the website or its context and thus cannot evaluate the reliability of the report in any intelligent fashion. However, a trial court

may assume that public records are authentic and trustworthy; the burden of establishing otherwise falls on the opponent of the evidence, who must come forward with enough negative factors to persuade a court that a document should not be admitted. Gilbrook v. City of Westminster, 177 F.3d 839, 858 (9th Cir. 1999) (quoting Johnson v. City of Pleasonton, 982 F.2d 350, 352 (9th Cir. 1992)).

In light of the fact that this issue arises in connection with an unopposed application for default judgment, and further considering the absence of any particular circumstances that would raise issues concerning the trustworthiness of the specific report, the Court will conclude that Plaintiff has submitted sufficient information to warrant a conclusion that adequate publication occurred. However, the Court notes the complete absence of any information concerning the programming or working of the website, and thus, should any concerns concerning reliability, accuracy, or trustworthiness arise, there is no information upon which to base a particularized finding.[1]

With respect to additional notice, certifications of the Marshal reflect that Jose Luis Gonzalez was personally served with the necessary documents on October 31, 2008; and Ida Vargas was personally served with them on October 21 or 31, 2008. (Doc. 10.)

Accordingly, it appears that adequate notice was proved.
//////

---

[1] The Court anticipated the submission of additional evidence concerning the operation of the website, but instead the government submitted a brief ("Supplement," Doc. 25) that asserted factual matter but was not accompanied by any declaration or other evidentiary support for the assertions. The Court reminds the government that legal memoranda and oral argument are not evidence. British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

IV. <u>Sufficiency of the Complaint</u>

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of all money, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the subchapter, all proceeds traceable to such an exchange, and all money, negotiable instruments, and securities used or intended to be used to facilitate any violation of the subchapter.

Title 21 U.S.C. § 881(b) provides that any property subject to forfeiture under the section may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b).

Supp. R. G(2) states the following with respect to a complaint in an action in rem arising from a federal statute:

> (2) Complaint. The complaint must:
> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and -- if different -- its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Here, it was alleged in the complaint that the Defendant properties, consisting of specified sums of currency, constituted money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate other controlled substance violations pursuant to 21 U.S.C. § 841 et seq. (<u>Id.</u> ¶ 1.)

11

It is alleged that all the properties were seized within the Eastern District of California on April 1, 2008, at 1860 Amberwood Drive, Turlock, California, the residence of potential claimants Jose Gonzalez and Ida Vargas. Officers searching the residence found various sums of cash, mostly in small denominations in the master bathroom, master bedroom, a bedroom closet, and garage, along with 32 grams of marijuana and a small quantity of crystal methamphetamine. Officers found some of the cash in proximity to a digital scale, baggies, and a surveillance system covering the approach to the residence. Quantities of cash included approximately $816.00 in currency in the bathroom with the methamphetamine, baggies, and scale; $3,171.00 in a brown purse in the master bedroom; $8,096.00 in the master bedroom closet; $7,044.00 inside a cash box in a diaper bag in another bedroom; and $2,500.00 stacked on a coffee table. (Cmplt. ¶¶ 5-9.) It was further alleged that Jose Gonzalez had run towards the bathroom when the agents arrived, and he admitted that he had done so to flush marijuana, although he claimed to have a card and a doctor's recommendation; further, he denied having participating in a purchase of methamphetamine, and he explained the large amounts of cash as reflecting a recent win at a gambling casino and an inheritance from his mother, although Gonzalez was unable to document either source of money and could not explain the small denominations of currency. Gonzalez lied, saying that he had worked as a cook until about four months previously, whereas the employer advised that Gonzalez had not worked for them since 2002, and EDD records indicated Gonzalez had not worked since the middle of 2004. (Id. at ¶¶ 1-12.)

1    It was alleged that Ida Vargas explained that she lived in
2 the residence to help with the rent; Gonzalez was a friend; some
3 of the money was hers and some was money that she and Gonzalez
4 had inherited from Gonzalez's mother, Linda Cervantes; and
5 although Vargas was unemployed and received $340.00 per month
6 from welfare, she was able to pay the rent because she "just
7 [had] money." EDD records contained no record for Vargas
8 concerning employment.

9    The complaint was verified. (Cmplt. p. 5.) The complaint
10 stated facts sufficient to demonstrate jurisdiction in this Court
11 pursuant to 28 U.S.C. § 1355 because it was alleged that the
12 Defendant currencies were subject to forfeiture pursuant to
13 federal statute; 28 U.S.C. § 1355(a) provides that district
14 courts shall have original jurisdiction of any action or
15 proceeding for the recovery or enforcement of any forfeiture
16 incurred under any Act of Congress; and § 1355(b) provides that a
17 forfeiture action or proceeding may be brought in the district
18 court for the district in which any of the acts or omissions
19 giving rise to the forfeiture occurred, or any other district
20 where venue is specifically provided for in § 1395 or any other
21 statute. Section 1395(b) expressly provides that a civil
22 proceeding for forfeiture of property may be prosecuted in any
23 district where the property is found. Thus, grounds for
24 jurisdiction and venue are stated.

25    Further, the property is described by amount as well as
26 condition and location at the time of seizure; thus, the property
27 and the property's location is sufficiently identified. Finally,
28 the statute under which the forfeiture action is brought, namely,

§ 21 U.S.C. § 881(a)(6), is identified. The formal requirements of Rule G(2) have been met.

As to the allegations required by the statute under which the action is brought, under CAFRA, the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

Here, it was expressly alleged that Defendant currencies were property within the pertinent statute. Further, baggies were found near a toilet, and crystalline flakes identified by experts as consistent in size, color, and shape to that of crystal methamphetamine were observed floating in the tank. (Cmplt. ¶ 7.) Money was found in the same vanity as crystal methamphetamine and drug paraphernalia (baggies and a digital scale). A surveillance system and marijuana were also located. The complaint also alleged an absence of any legitimate source of income. The Court concludes that sufficient facts were alleged to support a reasonable belief that the Plaintiff could establish that Defendant currencies are subject to forfeiture under the preponderance of the evidence standard. See, Supp. R. G(2), Advisory Committee Note, 2006 Adoption (citing United States v. Mondragon, 313 F.3cd 862 (4th Cir. 2002), to the effect that Supp. R. G(2)(f) carries forward the standard that the complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial). The Court notes that it is not necessary to tie the property to proceeds of a particular identifiable illicit drug transaction. United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1435 (9th Cir. 1985).

14

Accordingly, with respect to the defendant currencies, the operative complaint is legally sufficient to state claims for forfeiture of each of the defendants.

V. Propriety of Default Judgment

The declarations submitted by Autumn Magee establish that none of the persons with an interest in the defendant properties or potential claimants is an infant, incompetent, or member of the armed services. Further, although the time for filing a claim and/or answer has passed, neither Ida Vargas nor Jose Luis Gonzalez has filed a claim or answer in response to the complaint. Further, no other claimants have indicated any interest in these proceedings. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture with respect to all Defendants.

VI. Form of the Judgment

With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

RECOMMENDATION

1     Accordingly, it is hereby RECOMMENDED that:
2     1. Plaintiff's motion for default judgment BE GRANTED; and
3     2. Plaintiff is entitled to, and the Clerk be directed to
4  enter, a judgment that:
5         (a) The interest/s of Jose Luis Gonzalez and Ida Vargas
6  in all the Defendant properties are CONDEMNED and FORFEITED to
7  the United States of America;
8         (b) The right, title, and interest of all potential
9  claimants in the Defendant properties are FORFEITED to the United
10 States of America pursuant to 21 U.S.C. § 881(a)(4), and are
11 VESTED in the United States; and,
12        (c) All persons claiming any right, title, or interest
13 in or to the Defendant properties have DEFAULTED and no longer
14 have any right, title, or interest in the Defendant property
15 whatsoever; and,
16    3. The Clerk of Court ENTER final judgment of forfeiture for
17 Plaintiff United States of America.
18    These findings and recommendation are submitted to the
19 United States District Judge assigned to the case, pursuant to
20 the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
21 the Local Rules of Practice for the United States District Court,
22 Eastern District of California. Within thirty (30) days after
23 being served with a copy, any party may file written objections
24 with the court and serve a copy on all parties. Such a document
25 should be captioned "Objections to Magistrate Judge's Findings
26 and Recommendation." Replies to the objections shall be served
27 and filed within ten (10) court days (plus three days if served
28 by mail) after service of the objections. The Court will then

review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 29, 2009**                          /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE